# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| TASH JERNAZIAN, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00804-SDJ-CAN |
| v. | § | |
| | § | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On September 20, 2022, *pro se* Plaintiff Tash Jernazian ("Plaintiff") initiated the instant lawsuit through the filing of his Original Complaint [Dkt. 1]. Plaintiff also filed a motion to proceed *in forma pauperis*, which remains pending [Dkt. 3]. Plaintiff has filed at least five cases in the Eastern District of Texas, Sherman Division, two of which have been dismissed for failure to prosecute, including failure to provide an updated address.[1]

Notably, in one of the dismissed cases referred to the undersigned, *Jernazian et al. v. Little Elm Post Office*, Case No. 4:22-cv-00197-ALM-CAN, correspondence from the Court to Plaintiff was returned undeliverable ("RETURN TO SENDER - INSUFFICIENT ADDRESS - UNABLE TO FORWARD") [Dkt. 8]. Plaintiff provided the same mailing address in this case as in Cause No. 4:22-cv-00197. Accordingly, on March 22, 2023, the Court ordered Plaintiff to update his current mailing address with Clerk of Court in this cause [Dkt. 4]. The acknowledgment of receipt was returned to the Court unsigned [Dkt. 5]; and, on April 10, 2023, the mailed Order was

---

[1] The cases already dismissed are: *Jernazian v. Coventry Homes et al.*, No. 4:22-cv-00027-SDJ-KPJ (E.D. Tex. Dec. 2, 2022); *Jernazian et al. v. Little Elm Post Office*, No. 4:22-cv-00197-ALM-CAN (E.D. Tex. Mar. 21, 2023). In addition to the instant cause, the other cases that are currently pending in this division are: *Jernazian v. Small Business Administration*, No. 4:22-cv-00802-ALM-CAN (E.D. Tex. filed Sept. 20, 2022); *Jernazian v. Denton Economic Development*, No. 4:22-cv-00803-SDJ-CAN (E.D. Tex. filed Sept. 20, 2022).

returned undeliverable [Dkt. 6] ("RETURN TO SENDER - INSUFFICIENT ADDRESS - UNABLE TO FORWARD"). Plaintiff has not provided a physical mailing address at which he may reached in this or in any of his other pending cases assigned to the undersigned.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the Court, and appellate review is confined solely to whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980).

The Court directed Plaintiff to provide his current physical mailing address to the Court. Plaintiff failed to comply with this Order. *See Isom v. Indio Mgmt. at the Everly*, No.4:20-CV-947-SDJ-CAN, 2021 WL 5501786, at *2 ("The Court recommends the instant suit be dismissed under Rule 41(b) for failure to comply with Court Orders and to diligently prosecute."), *report and recommendation adopted*, No.4:20-CV-947-SDJ, 2021 WL 5493377 (E.D. Tex. Nov. 23, 2021); *Shuemake v. Botie Hillhouse*, No. 6:18CV349, 2021 WL 3044433, at *1 (E.D. Tex. July 2, 2021) (plaintiff's "failure to submit an updated mailing address evinces his failure to prosecute his own case"), *report and recommendation adopted sub nom. Ernest Bob Shuemake v. Botie Hillhouse*, No. 6:18CV349, 2021 WL 3032725 (E.D. Tex. July 19, 2021); *Bennett v. Smith Cnty. Jail*, No. 6:21CV010, 2021 WL 930282, at *1 (E.D. Tex. Feb. 5, 2021) ("Plaintiff's failure to submit an updated mailing address evinces his failure to prosecute his own case."), *report and*

*recommendation adopted sub nom. Bennett v. Smith*, No. 6:21-CV-00010, 2021 WL 926207 (E.D. Tex. Mar. 10, 2021). Accordingly, the present case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute this case and comply with court orders. *See* FED. R. CIV. P. 41(b).

### RECOMMENDATION

For the foregoing reasons, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 18th day of May, 2023.**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE